The judgment is reversed, and the cause is remanded.

---

## THOMPSON v. STATE.

(Court of Criminal Appeals of Texas. Nov. 12, 1913.)

CRIMINAL LAW (§ 823*)—INSTRUCTIONS—CONVERSION OF PROPERTY.

On a trial for embezzlement, after the court had charged that defendant's agency, whereby he was charged with the duty of receiving the property in question, the receipt of the property, its receipt by virtue of his agency, and the fraudulent conversion or misapplication of the property by him, were requisite to the offense of embezzlement, it further charged that, if accused was the agent of J., and came into possession of money, the property of J., as agent or attorney in fact, and if he did "fraudulently embezzle, misapply, or convert to his own use without the consent of the said J." and if each of the four essential requisites previously set forth had been established beyond a reasonable doubt, to find him guilty of embezzlement. Held that, taking the charge in its entirety, the failure of the instruction last mentioned to state that accused must fraudulently embezzle, misapply, and convert to his own use the property in question could not have misled the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1992–1995, 3158; Dec. Dig. § 823.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

William Thompson was convicted of embezzlement, and he appeals. Affirmed.

Green & Boyd, of Houston, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of embezzlement; his punishment being assessed at five years' confinement in the penitentiary.

The statement of facts adduced upon the trial is not before us, nor are any bills of exception incorporated in the record. The only complaint is to a section of the court's charge, which is as follows: "Now, if you believe from the evidence, beyond a reasonable doubt, that Wm. Thompson was the agent or attorney in fact of Mary S. Jones, alias Mary E. Jones, a private person, and did, in the county of Harris and state of Texas, on or about the 8th current day of August, 1911, come into possession of $234, money of the United States of America, the corporeal personal property of said Mary S. Jones, alias Mary E. Jones, as the agent or attorney in fact of the said Mary S. Jones,

---

alias Mary E. Jones, and that the defendant did fraudulently embezzle, misapply, or convert to his own use, without the consent of the said Mary S. Jones, alias Mary E. Jones, and you further believe that each of the four essential requisites of embezzlement as above set forth in this charge has been established by the testimony, beyond a reasonable doubt, then and in that event you will find the defendant guilty of embezzlement, and, if you further believe, beyond a reasonable doubt, that the value of the property embezzled amounted to the sum of $50, then you will assess his punishment at confinement in the state penitentiary for any term of years not less than two nor more than ten."

The contention of appellant is that this charge is defective, and fatally so, because it fails to state that appellant must fraudulently embezzle, misapply, and convert to his own use the said property. In other words, the charge fails to instruct the jury that it was necessary that the property be converted. Taking the section together in connection with the four requisites mentioned by the court in the quoted charge, it is sufficient. These as given in the charge are as follows: "Four things are essentially requisite to constitute the offense of embezzlement: (1) The defendant's agency whereby he was charged with the duty of receiving the property. (2) The receipt of the property. (3) Its receipt by virtue of his agency. (4) The fraudulent conversion or misapplication of the property by him." Taking the charge in its entirety and in the form given by the court, we are of opinion that the jury could not have been misled by this omission.

Believing there is no reversible error in the record, the judgment is affirmed.